```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

UNITED STATES OF AMERICA,    )
                             )
        v.                   ) CAUSE NO. 2:11 CR 84
                             )
CHOPPER LOUGHRAN             )

OPINION AND ORDER

This matter is before the court on the Motion to Quash Subpoena [DE 49] filed by non-party Indiana Family and Social Services on November 30, 2012. For the reasons set forth below, the motion is **GRANTED**.

Background

The defendant, Chopper Loughran, was indicted on charges for false statements in connection with federal workers' compensation benefits, fraud by wire, radio, or television, transfer or unauthorized use of food stamps, and aiding and abetting. Loughran served a subpoena on the Family & Social Services Administration on November 15, 2012, commanding a representative to appear at the December 10, 2012 trial and to produce certain documents. The document request states in its entirety "Please bring the following certified copies: Any and all records electronically or otherwise, relating to the following employees:", and goes on to name five employees and their employee identification numbers. On November 30, 2012, the Family & Social Services Administration

filed a motion to quash the subpoena, arguing that the subpoena is vague, over broad, and oppressive.

## Discussion

Federal Rule of Criminal Procedure 17(c)(2) provides that "the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." The Supreme Court has defined reasonableness solely in terms of relevancy. *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 299-302, 111 S.Ct. 722, 727-28, 112 L.Ed.2d 795 (1991); *In re August 1993 Regular Grand Jury*, 854 F.Supp. 1392, 1399 (S.D. Ind. 1993). "Rule 17(c) only allows for the production of documents that 'a defendant knows to contain relevant evidence to an admissible issue at trial.'" *United States v. Thomas*, 2008 WL 4671501, *1 (S.D. Ill. Oct. 22, 2008) (*citing* *United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002)). However, relevancy is to be construed broadly under Rule 17(c). *In re August 1993 Regular Grand Jury*, 854 F.Supp. at 1400.

Alternatively, a party may move to suppress a subpoena if it is oppressive. A subpoena is oppressive if it is vague or over broad. *Margoles v. United States*, 402 F.2d 450, 451 (7th Cir. 1968). A subpoena is over broad if it is not limited to records covering a reasonable period of time or requests an excessive amount of information. *In re August 1993 Regular Grand Jury*, 854

F.Supp. at 1401.  What is reasonable depends on the nature of the charges.  The party moving to quash the subpoena on the grounds that the information sought is excessive must quantify the volume of information and show that the amount is unreasonable.  Likewise, a subpoena is vague unless it states "with reasonable particularity" the documents sought.  *In re August 1993 Regular Grand Jury*, 854 F.Supp. at 1401.  For example, subpoenas that request "all corporate records" routinely have been found vague and invalid.  *In re August 1993 Regular Grand Jury*, 854 F.Supp. at 1401 (*citing* *In re Subpoena to Testify before the Grand Jury*, 630 F.Supp. 235, 237 (N.D. Ind. 1996)) .

FSSA argues that the subpoena is both vague and oppressive because it does not identify the documents sought with any specificity and would encompass virtually any document created by, sent to, or reviewed by the listed employees during their entire careers.  The request would encompass individual client files, emails to and from the various employees and about the various employees, confidential personnel records, and numerous other items.  It is not clear how these files would be relevant to the charges the government is pursuing against Loughran.

The court agrees that the subpoena seeks irrelevant information and is vague and oppressive.  The subpoena calls for all documents "related" to the named employees. This could encompass

3

a myriad of documents that have no relationship to the charges the government is pursuing against the defendant.  It is not clear how client files, personnel records, or all e-mails sent or received by the named employees would be relevant to these charges.  The court routinely has quashed subpoenas requesting "all business records."  Loughran's request is no different.  It seeks all records related to the employees, with no parameters limiting the request to documents pertaining to the charges filed against Loughran.

In addition, the subpoena is not limited to a reasonable period of time and would result in the production of an unreasonable amount of documents.  The subpoena does not place any time parameters on the request.  The company may hold documents relating to the named employees that date much further back than the time relevant to the charges against Loughran.

Although FSSA did not quantify the amount of documents that it would be required to produce if the court did not quash the subpoena, its motion made clear that the amount would be immeasurable.  The vague language used in the request, "related to" could encompass any number of documents that have any tangential relationship to the named employees.  ***See In re Subpoena***, 630 F.Supp. at 237 (quashing subpoena that sought all corporate records regardless of topic for lack of particularity).  It

seemingly would be impossible to identify all documents that have any relationship to the employees during their entire tenure with the company.

For these reasons, the court finds that the subpoena is unreasonable and oppressive.  The Motion to Quash Subpoena [DE 49] filed by non-party Indiana Family and Social Services on November 30, 2012, is **GRANTED**.

ENTERED this 6th day of December, 2012

                              s/ ANDREW P. RODOVICH
                                United States Magistrate Judge