UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:11 CR 84 |
| | ) | |
| CHOPPER LOUGHRAN | ) | |

## OPINION AND ORDER

Defendant Chopper Loughran has filed a motion for a new trial. (DE # 96.) The government has filed a response (DE # 97), and defendant has filed a reply (DE # 98.) For the following reasons, that motion is denied.

**I.     BACKGROUND**

Defendant was charged by superseding indictment (DE # 37) with two counts of making false statements in connection with receiving federal workers' compensation benefits in violation of 18 U.S.C. § 1920; eleven counts of wire fraud in connection with the receipt of federal benefits in violation of 18 U.S.C. § 1343; one count of federal program fraud in violation of 7 U.S.C. §  2024(b); and one count of making false statements or representations in connection with the receipt of federal benefits, in violation of 18 U.S.C. § 1001(a). Defendant pled not guilty to all of the charged offenses, and a jury trial was held. Defendant was convicted at trial of all but one count – she was found not guilty of Count II, which charged her with making false statements in connection with receiving federal workers' compensation benefits. (DE # 75.)

Defendant has now moved for a new trial, arguing that newly discovered evidence would result in her acquittal on Counts 3-15 of the superseding indictment.

(DE # 96 at 1-2.) In response, the government argues that the evidence is not newly discovered and would not result in defendant's acquittal at a new trial. (DE # 97.)

II. ANALYSIS

FEDERAL RULE OF CRIMINAL PROCEDURE 33 states that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A motion for a new trial based on newly discovered evidence must be filed within three years after the verdict is reached. FED. R. CRIM. P. 33(b)(1). New trials under RULE 33 are "reserved for only the most extreme cases[.]" *United States v. Hagler*, 700 F.3d 1091, 1101 (7th Cir. 2012) (citation and quotation omitted). To obtain a new trial based on newly discovered evidence, a defendant must present evidence "that (1) came to his knowledge only after trial; (2) could not have been discovered sooner through the exercise of due diligence; (3) is material and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a retrial." *United States v. Westmoreland,* 712 F.3d 1066, 1072 (7th Cir. 2013); *Hagler*, 700 F.3d at 1101 (same).

In this case, Counts 3-6 of the superseding indictment alleged that, from 2008 to 2010, defendant committed wire fraud by providing materially false and fraudulent statements to the Indiana Family and Social Services Administration ("FSSA") in order to obtain Supplemental Nutrition Assistance Program ("SNAP") benefits. (DE # 37 at 7-9.) Additionally, Counts 7-13 of the superseding indictment alleged that, from 2008 to 2010, defendant committed wire fraud by fraudulently obtaining SNAP benefits by

2

failing to disclose all relevant income on her application for assistance. (*Id.* at 10-11.) Counts 3-13 of the indictment specifically noted that defendant's scheme to defraud included failing to disclose workers' compensation and disability benefits that defendant was receiving. (*Id.* at 7-11.) Next, Count 14 of the superseding indictment alleged that defendant committed federal program fraud from 2008 to 2010 by submitting false statements in applications for SNAP benefits. (*Id.* at 12.) Finally, Count 15 of the superseding indictment alleged that in 2008 defendant made false statements in connection with applications for SNAP and Temporary Assistance to Needy Family ("TANF") benefits. (*Id.* at 13.) Defendant was convicted of Counts 3-15.

In support of her motion for a new trial, defendant directs the court to several documents which came into her possession the year following the trial. (DE # 96 at 1.) These documents were produced pursuant to a decision by the Indiana Supreme Court. That decision, *Perdue v. Gargano*, held that the FSSA's notices of denial regarding claims for SNAP, TANF, and Medicaid benefits failed to sufficiently explain the reasoning behind the denial of benefits. 964 N.E.2d 825, 844-45 (Ind. 2012). Following the *Perdue* decision, notices were sent to people who were given these insufficient denial notices informing those people that they were entitled to a statement of reasons for the denial of benefits. (*See* DE # 96-1 at 1.)

Defendant and her son were sent these *Perdue* notices in April of 2013. (*Id.* at 1-12.) After requesting additional information following the receipt of the *Perdue* notices, defendant received documents that revealed that her SNAP benefits had been

terminated in February of 2009 due to defendant's failure to provide the FSSA with proof of the balance of her bank account.[1] (DE # 96-2 at 1-5.) Defendant also received information that indicated that she had been warned in August of 2009 that additional benefits were being terminated for failure to verify disability payments. (DE # 96-3 at 1-5.) This notice, however, also indicated that the requested information regarding the disability benefits was received prior to the termination of benefits by the FSSA. (*Id.* at 3.)

In her motion, defendant argues that:

Counts 3 through 15 alleged that [defendant] created a scheme to defraud to obtain SNAP benefits to which she was not entitled by providing materially false and fraudulent statements and representations to FSSA to wit: concealing the fact that she was receiving other benefits including workman's compensation benefits and disability benefits from State Farm Insurance.

[DE # 96-3] creates a reasonable inference that, contrary to the Government's theory, [defendant] did in fact disclose her disability income. [Defendant] contends that had she not disclosed said income, the FSSA would not have had the knowledge to request verification of the same.

(DE # 96 at 2.) In her reply brief, defendant further argues that:

The evidentiary value of [DE # 96-1; DE # 96-2; DE # 96-3; DE # 96-4] is that [defendant], contrary to the Government's contention, never had a scheme to defraud the Government. . . . Each time information was requested of [defendant], said information was provided. Therefore, if granted a new trial,

---

[1] As discussed in more detail below, the government contends that defendant's benefits were not terminated in February 2009. (DE # 97 at 5.) Although the evidence presented at trial indicated that the benefits were not terminated in February 2009 (*see e.g.*, Government's Exhibit 31), as the court will explain in more detail below, even if defendant's benefits had been cut off in February of 2009, a new trial would still not be warranted in this case.

4

[defendant] believes this newly discovered evidence would produce an acquittal."

(DE # 98 at 2.)

Thus, the gist of defendant's argument regarding these *Perdue* notices is that they create an inference that she did disclose the information which was requested from her by the FSSA, most notably the information regarding any disability income she was receiving.[2] (DE # 96 at 2.) In response, the government argues that defendant cannot meet any of the four elements required to obtain a new trial based on newly discovered evidence. (DE # 97 at 6.)

The court sees a fundamental problem with defendant's contention that the information contained in DE # 96-3 requires a new trial. DE # 96-3 reveals that in August of 2009, defendant disclosed her disability income to the FSSA. (DE # 96-3 at 3.) The problem with defendant's argument that this information constitutes newly discovered evidence is that the evidence at trial indicated that defendant disclosed her disability income in August of 2009.[3]

---

[2] Because DE # 96-3 most directly supports defendant's position that she did disclose her disability benefits, the court will address that document first, before moving on to the other documents defendant has attached in support of her motion for a new trial.

[3] Defendant argues that DE # 96-3 "creates a reasonable inference that, contrary to the Government's theory, [defendant] did in fact disclose her disability income. [Defendant] contends that had she not disclosed said income, the FSSA would not have had the knowledge to request verification of the same." (DE # 96 at 2.) The notice of discontinuation of benefits was sent on August 21, 2009 (DE # 96-3 at 1), and according to the *Perdue* notice obtained by defendant after her trial, this notice was based on a failure to verify her disability benefits. (*Id.* at 3.) This information is entirely consistent

5

Government's Group Exhibit 10, which was admitted at trial, included a form from the FSSA dated August 7, 2009 that shows defendant reported her disability income in August of 2009. Additionally, the undersigned district court judge recalls defendant's attorney questioning government witness Leanette Paden-Williamson about this document on Ms. Paden-Williamson's cross examination. Thus, not only was the information known to defendant during, and presumably, before trial, the information itself was presented at trial. This is not newly discovered evidence.[4] *United States v. Gootee*, 34 F.3d 475, 479-80 (7th Cir. 1994) (defendant's knowledge about alleged newly discovered evidence before the end of trial fatal to RULE 33 motion); *United States v. Ellison*, 557 F.2d 128, 132-33 (7th Cir. 1977) ("Where, as here, the facts alleged in support of a motion for a new trial were within the defendant's knowledge at the time of trial, such a motion may not be treated as one in the nature of newly discovered evidence for purposes of Rule 33."); *Roach v. Stastny,* 104 F.2d 559, 562 (7th Cir. 1939) ("We are also of the opinion that the court was not bound to order a new trial on the ground of newly discovered evidence in order to enable appellant to set forth facts within his own knowledge at the time of the trial, even though their existence may not have been known to his attorney then, and their significance was not known to

---

with the evidence presented at trial, specifically that defendant informed the FSSA on August 7, 2009 about her disability payments. (Government's Group Exhibit 10.) There is nothing in DE # 96-3 that indicates that defendant disclosed her disability payments prior to August 2009.

[4] In fact, the superseding indictment indicated that defendant had disclosed the disability income in August of 2009. (DE # 37 at 7.)

himself."); *see also United States v. Owen*, 500 F.3d 83, 89-90 (2d. Cir. 2007) ("One does not 'discover' evidence after trial that one was *aware of* prior to trial." (emphasis in original)).[5]

Defendant also contends several other *Perdue* notices constitute newly discovered evidence. DE # 96-1 contains four letters from the FSSA informing defendant and her son that they are entitled to *Perdue* notices explaining why they received notices that their benefits were being discontinued. DE # 96-2 is an FSSA *Perdue* notice to defendant informing defendant that she received a discontinuation of benefits notice in February of 2009 because she failed to provide proof of bank account statements. DE # 96-4 is an FSSA *Perdue* notice informing defendant that she received a discontinuation of benefits notice in August of 2009 for failing to return proof of bank account statements.

Defendant appears to take two distinct tacks regarding this evidence. First, defendant argues that these exhibits are evidence that her SNAP benefits were terminated in February of 2009. (DE # 96 at 1.) Defendant goes on to argue that several

---

[5] Even if the court were to consider this information to be newly discovered, it would still not warrant a new trial. First, it does not indicate that defendant disclosed her disability income prior to August 2009. (*See* DE # 96-3 at 3.) As noted above, the evidence presented at trial already revealed that defendant disclosed her disability income in August 2009. Additionally, the government's evidence with regard to defendant's scheme to defraud was not based solely on defendant's failure to disclose her disability income. The government presented other evidence of defendant's scheme to defraud, including that she failed to disclose workers' compensation income she was receiving. Thus, the information contained in DE # 96-3 would not "probably lead to an acquittal in the event of a retrial." *Westmoreland,* 712 F.3d at 1072.

of the counts in the superseding indictment were for wire transfers for SNAP benefits after February of 2009. (*Id.* at 2.) Defendant's argument appears to be that it would have been impossible for her to receive improper benefits if her benefits had been cut off in February of 2009. In response, the government points out that the evidence it submitted at trial establishes that defendant's benefits were not terminated during the time period encompassing defendant's alleged fraudulent scheme. (DE # 97 at 5); *see also* Government's Exhibit 31; Government's Group Exhibit 10.

Assuming for the sake of argument that defendant is correct and her benefits were terminated in February 2009, this information would still not constitute newly discovered evidence. First, defendant would clearly have known long before trial if her benefits had been terminated in February of 2009. *See, e.g.*, *Ellison*, 557 F.2d at 132-33 ("Where, as here, the facts alleged in support of a motion for a new trial were within the defendant's knowledge at the time of trial, such a motion may not be treated as one in the nature of newly discovered evidence for purposes of Rule 33.") Furthermore, if the benefits had been terminated in February of 2009, defendant, through the exercise of due diligence, could have obtained documents or other evidence confirming the termination of benefits prior to trial. *United States v. Oliver*, 683 F.2d 224, 228 (7th Cir. 1982) (reasonable for defendant to make "every effort" to investigate facts supporting his defense). Therefore, to the extent that defendant contends these documents establish that her benefits were terminated in February of 2009, the documents do not constitute newly discovered evidence.

of the counts in the superseding indictment were for wire transfers for SNAP benefits after February of 2009. (*Id.* at 2.) Defendant's argument appears to be that it would have been impossible for her to receive improper benefits if her benefits had been cut off in February of 2009. In response, the government points out that the evidence it submitted at trial establishes that defendant's benefits were not terminated during the time period encompassing defendant's alleged fraudulent scheme. (DE # 97 at 5); *see also* Government's Exhibit 31; Government's Group Exhibit 10.

Assuming for the sake of argument that defendant is correct and her benefits were terminated in February 2009, this information would still not constitute newly discovered evidence. First, defendant would clearly have known long before trial if her benefits had been terminated in February of 2009. *See, e.g.*, *Ellison*, 557 F.2d at 132-33 ("Where, as here, the facts alleged in support of a motion for a new trial were within the defendant's knowledge at the time of trial, such a motion may not be treated as one in the nature of newly discovered evidence for purposes of Rule 33.") Furthermore, if the benefits had been terminated in February of 2009, defendant, through the exercise of due diligence, could have obtained documents or other evidence confirming the termination of benefits prior to trial. *United States v. Oliver*, 683 F.2d 224, 228 (7th Cir. 1982) (reasonable for defendant to make "every effort" to investigate facts supporting his defense). Therefore, to the extent that defendant contends these documents establish that her benefits were terminated in February of 2009, the documents do not constitute newly discovered evidence.

Next, in her reply brief, defendant appears to argue that if her benefits were not terminated in February of 2009, these documents show that she did not have a scheme to defraud because "[e]ach time information was requested [from defendant], said information was provided." (DE # 98 at 2.) Thus, defendant's argument here is that these notices show that she was required to provide the FSSA with certain documents, and the fact that her benefits were never terminated indicates that she provided those documents. The court already addressed DE # 94-3 above, which indicates that defendant told the FSSA about her disability income in August of 2009, and will not address that document again.

Defendant argues that the remaining documents reveal that she provided the FSSA with the documents the agency requested. These documents reveal that the agency requested information regarding her bank account statements. (DE # 96-2 at 3; DE # 96-4 at 3.) But whether defendant provided the requested bank account statements was within her own knowledge prior to the start of the trial. Therefore, this information is not newly discovered evidence. *See, e.g.*, *Ellison*, 557 F.2d at 132-33.

Additionally, the superseding indictment did not allege that defendant's scheme to defraud included withholding bank account statements (*see* DE # 37), and the government did not argue at trial that defendant's scheme to defraud included withholding bank account statements. Thus, even if this constituted newly discovered evidence, it would not "probably lead to an acquittal in the event of a retrial." *Westmoreland,* 712 F.3d at 1072.

9

## III. CONCLUSION

For the foregoing reasons, defendant's motion for a new trial is **DENIED**. (DE # 96.)

**SO ORDERED.**

Date: April 22, 2014

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT